# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0761
════════════

IN RE NATIONAL LLOYDS INSURANCE COMPANY, RELATOR

══════════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
══════════════════════════════════════════════════════

**PER CURIAM**

In this case involving allegations of underpaid insurance claims, we consider whether a trial court abused its discretion in ordering the defendant insurer to produce evidence related to insurance claims other than the plaintiff's. We hold that it did. Accordingly, we conditionally grant mandamus relief and order the trial court to withdraw its order compelling discovery.

In September 2011 and June 2012 storms swept through the City of Cedar Hill and caused damage to Mary Erving's home. Erving filed claims with her homeowner's insurer, National Lloyds Insurance Company. National Lloyds sent adjusters to inspect Erving's residence in response to each claim. Following those inspections, National Lloyds paid the claims.

Concerned that National Lloyds had undervalued her claims,[1] Erving brought suit against the company. She alleged breach of contract, breach of duty of good faith and fair dealing, fraud, conspiracy to commit fraud, and violations of the Texas Deceptive Trade Practices Act and chapters

---

[1] In her petition, Erving complained that National Lloyds "denied at least a portion of both claims." However, in a motion to compel filed in connection with the underlying discovery dispute, Erving asserted that National Lloyds "performed an outcome based investigation of Plaintiff's claims and grossly undervalued her claims."

541 and 542 of the Texas Insurance Code. During discovery, Erving requested production of all claim files from the previous six years involving three individual adjusters. She also requested all claim files from the past year for properties in Dallas and Tarrant Counties involving Team One Adjusting, LLC, and Ideal Adjusting, Inc., the two adjusting firms that handled Erving's claims. Erving sought via interrogatory the names, addresses, phone numbers, policy numbers, and claim numbers associated with the requested claim files.

National Lloyds objected to the requests as overbroad, unduly burdensome, and seeking information that was neither relevant nor calculated to lead to the discovery of admissible evidence. Erving moved to compel production. After reviewing the discovery requests, the trial court ordered production of the files for claims handled by Team One and Ideal Adjusting. The trial court also limited the order to claims related to properties in Cedar Hill and to the storms that caused the damage to Erving's home. National Lloyds filed a petition for writ of mandamus with the court of appeals, which denied relief. National Lloyds now seeks mandamus relief in this Court.

A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (per curiam); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam). The Texas Rules of Civil Procedure provide for discovery of "any matter that is not privileged and is relevant to the subject matter of the pending action." TEX. R. CIV. P. 192.3(a). The phrase "relevant to the subject matter" is to be broadly construed. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009). It is no ground for objection "that the information sought will be inadmissible at trial

2

if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a).

However, even these liberal bounds have limits, and discovery requests must not be overbroad. *See, e.g.*, *In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 669–70 (Tex. 2007) (per curiam); *In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003) (per curiam). A request "is not overbroad merely because [it] may call for some information of doubtful relevance" so long as it is "reasonably tailored to include only matters relevant to the case." *Sanderson*, 898 S.W.2d at 815. Significantly, whether a request for discovery is overbroad is distinct from whether it is burdensome or harassing. *Allstate*, 227 S.W.3d at 670. We have held that "[o]verbroad requests for irrelevant information are improper whether they are burdensome or not." *Id.*

In this case, the trial court's order compelled production of information relating to insurance claims filed by Cedar Hill residents in connection with the two storms that damaged Erving's house. The order was also limited to claims that were assessed by the adjusting firms that assessed the damage to Erving's home. Erving argues that "the requested production should provide proof one way or another whether the adjusters used the same methods; spent an equivalent amount of time; and used the same pricing data when they determined Erving's claims as compared to the claims of her fellow Cedar Hill policyholders." She also contends that she "needs the requested information to prove that the adjusters did not properly inspect her house or value her claims." She plans to prove that National Lloyds undervalued her claims by "establishing a baseline" and comparing her claims to that baseline. Erving argues that "[s]ignificant differences would . . . evidence bad faith and support other legal claims including fraud."

3

Essentially, then, Erving has proposed to compare National Lloyds' evaluation of the damage to her home with National Lloyds' evaluation of the damage to other homes to support her contention that her claims were undervalued. But we fail to see how National Lloyds' overpayment, underpayment, or proper payment of the claims of unrelated third parties is probative of its conduct with respect to Erving's undervaluation claims at issue in this case. *See In re GMAC Direct Ins. Co.*, No. 09-10-00493-CV, 2010 WL 5550672, at *1 (Tex. App.—Beaumont Dec. 30, 2010, orig. proceeding) (mem. op.) (holding, in the context of plaintiffs' tort and contract claims in connection with the adjustment of their homeowner's insurance claim, that requests for information about damage to other properties that were not tailored to include the information "actually used in adjusting the [plaintiffs'] claim" amounted to an improper fishing expedition). This is especially so given the many variables associated with a particular claim, such as when the claim was filed, the condition of the property at the time of filing (including the presence of any preexisting damage), and the type and extent of damage inflicted by the covered event. Scouring claim files in hopes of finding similarly situated claimants whose claims were evaluated differently from Erving's is at best an "impermissible fishing expedition." *Sanderson*, 898 S.W.2d at 815. Without more, the information sought does not appear reasonably calculated to lead to the discovery of evidence that has a tendency "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." TEX. R. EVID. 401; TEX. R. CIV. P. 192.3(a).[2]

---

[2] We do not hold that evidence of third-party insurance claims can never be relevant in coverage litigation. We simply hold that, in this case, on this plaintiff's allegations, there is at best a remote possibility that such claims could lead to the discovery of admissible evidence. That possibility is not sufficient to render the claims discoverable under Rule 192.3(a).

Erving argues that the trial court did not abuse its discretion because its discovery order is narrowly tailored. Specifically, Erving argues that the trial court's discovery order was (1) limited in time, because it compelled only production of evidence relating to the two storms at issue, and (2) limited by location, because it involved only properties in Cedar Hill. Erving is correct that discovery must be reasonably limited in time and geographic scope. *See Deere*, 299 S.W.3d at 820–21 (finding a discovery order overbroad because the trial court did not impose a "reasonable time limit" on the order, and the order required a party to produce documents "going back decades"); *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 491–92 (Tex. 1995) (per curiam) (finding a discovery order overbroad because it compelled production of incident reports in all 227 of the defendant's department stores, though the plaintiff was injured in only one). But such limits in and of themselves do not render the underlying information discoverable. Because the information Erving seeks is not reasonably calculated to lead to the discovery of admissible evidence, the trial court's order compelling discovery of such information is necessarily overbroad. TEX. R. CIV. P. 192.3(a).

Accordingly, without hearing oral argument, we conditionally grant mandamus relief and direct the trial court to vacate its discovery order. TEX. R. APP. P. 52.8(c). We are confident the trial court will comply, and the writ will issue only if it fails to do so.

**OPINION DELIVERED:** October 31, 2014

5