ACCEPTED
01-14-00979-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 12:02:53 PM
CHRISTOPHER PRINE
CLERK

CASE NO. 01-14-00979-CV

| | | |
|---|---|---|
| IN RE INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB, Realtor. | § § § § § § § § § § § § § § § | IN THE FIRST COURT OF APPEALS HOUSTON, TEXAS |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 12:02:53 PM
CHRISTOPHER A. PRINE
Clerk

## RESPONSE TO THE
## PETITION FOR WRIT OF MANDAMUS

Come now, John Amponsah and Melanie Amponsah ("Amponsahs"), Real Parties in Interest, and make this Response to the Petition for Writ of Mandamus.

### I.

### BACKGROUND

1.1 The Amponsahs filed this lawsuit in January 2013. They are suing their homeowners insurance carrier (Relator) for denying their claim that should have been paid, for significant damage to their home and foundation.

1.2 On June 9, 2014, Relator presented their retained testifying engineer for deposition, Derrick S. Hancock, P.E. Mr. Hancock was the engineer hired by

Relator to inspect the Amponsahs' home. Mr. Hancock wrote a report after his inspection and submitted his report to Relator. Relator relied on Mr. Hancock's report as the sole basis for denying the Amponsahs' claim on their homeowners' insurance coverage. Relator has designated Mr. Hancock as a retained testifying expert witness in this action. In deposition, Mr. Hancock testified to the following facts:

(1)     Mr. Hancock has done several thousand forensic evaluations of property foundations that failed.

(2)     His forensic investigations of failed foundations have all been done on behalf of an insurance company.

(3)     Mr. Hancock has been retained by insurance companies as a consultant in lawsuits since the mid-1980's.

(4)     When Mr. Hancock has been hired to do a forensic investigation of a foundation failure, it has always been to help an insurance company, never an insured.

(5)     When Mr. Hancock is hired by an insurance company, it would be rare for him to not provide a written report of his findings and conclusions.

(6)     Mr. Hancock has worked for AAA Texas (the defendants in this lawsuit), State Farm, USAA, Travelers Insurance, Zurich Insurance, and AllState.

(7)     Mr. Hancock has been hired by the claims adjuster who denied the Plaintiffs' claim, Mike Hendricks, on as many as 50 claims.

(8)     Mr. Hancock has been hired before by Cecil Shepherd, another of the Defendants' claims adjusters. Mr. Shepherd is designated by the Defendants as a witness on the Plaintiffs' claims in this lawsuit.

(9)     Mr. Hancock has been hired by 3-4 other claims adjusters of the Defendants, on approximately 10-15 assignments.

(10)  With respect to the approximately 50 projects that Mr. Hancock has been hired by AAA Texas' adjuster Mike Hendricks, those projects have all been within the last 7-10 years.

(11)  Mr. Hancock understands that when he determines as he did with respect to the Plaintiffs' claims, that a leak under the foundation did not contribute to the foundation failure, that AAA Texas uses his determination as the basis for denying the insurance claim.

(12)  On 70-80% of the foundation claims on which Mr. Hancock has been hired by the Defendants, Mr. Hancock concluded that the foundation failure was not related to a plumbing leak, and so the insurer can deny coverage.

(13)  Mr. Hancock uses the electronic file of his reports as a template for a current project, since leaks under a foundation are a common problem in Houston.[1]

1.3  Relator's petition notes correctly that, after severance of the extra-contractual claims against Relator, discovery is being conducted at this time only for breach of contract.

## II.

## SUMMARY

2.1  Bias, credibility, and reliability of evidence offered by a retained testifying expert witness, any witness for that matter, is always relevant. Relator argues simply that their retained testifying expert witness' testimony already indicates bias, and no further evidence is discoverable, necessary or relevant. Whether Relator, the insurer, had a duty to perform its obligations under the insurance

---

[1] Tab A, Deposition of Derrick S. Hancock, P.E.; pages 11, 13, 16, 18, 19, 23, 24, 25, 27, 28, 30, and 33.

contract, such that denying the Amponsahs' claim constituted breach of contract, is the issue.[2]

2.2    Relator decided they had no duty to perform, based entirely on the opinion of their retained testifying expert witness, that the plumbing leak under their foundation did not cause the foundation to sink, but rather the soil settling/dropping caused the foundation to sink and crack.[3]    As Relator has admitted, this same engineer has managed to reach the same conclusion on "70-80%" of the other foundation claims he has been hired on by Relator.

2.3    The question therefore turns on the credibility of the expert's analysis and opinions.    The issue is whether this retained expert's opinions are grounded in legitimate science, and Relator really had no obligation to pay the Amponsahs' and other claims; or whether the science and the facts are irrelevant to this expert and the overriding objective is to make a determination that favors Relator.    That question can be answered only by discovery of facts and data that underlie the expert's opinions, evident in the reports sought, which are fair game under Texas Rule of Evidence 705, Disclosure of Facts or Data Underlying Expert Opinion.

## III.

## AUTHORITIES

---

[2] See, e.g., Greene v. Farmers Ins. Exch., No. 12-0867 (Tex. 2014).
[3] Tabs C, D and E.

### A. Bias, reliability and credibility of a retained testifying expert witness are always relevant.

3.1 Relator's sole basis for denying the Amponsahs' claim was their retained testifying expert witness' opinion that the home's foundation failed because the ground under the foundation settled/dropped, not because of the leak in the plumbing under the foundation.[4] Armed with their retained expert's report, Relator decided they had no duty to perform under their insurance contract, and so denied the Amponsahs' claim.[5] The credibility of the expert's opinion is therefore central to Relator's duty to perform under the insurance contract.

3.2 Texas Rule of Evidence 705 provides, in part, that an "expert may in any event disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data," of the expert's opinion. Factors that a court may consider in determining <u>admissibility</u> of an expert's opinion are non-exclusive, and include "the extent to which the theory has been or can be tested, *the extent to which the technique relies upon the subjective interpretation of the expert*, whether the theory has been subjected to peer review and/or publication, the technique's potential rate of error, whether the underlying theory or technique has been generally accepted as valid by the relevant scientific community, and the non-judicial uses that have been made of the theory or technique (emphasis

---

[4] Tab D report dated July 15, 2011, and Tab E, report dated September 12, 2011; HSA Engineering, Derrick S. Hancock, P.E.

[5] Tab C, letter from Relator's employee dated September 13, 2011.

added)."[6] If the expert's opinion is not admissible in the breach of contract action, there is no evidence to support Relator's decision that they had no duty to perform. Whether Relator's retained engineer applied acceptable methodology, analyzed facts normally relied on by engineers in this situation, and evaluated the cause of foundation failures with an objective, scientific, and impartial method—all relevant to credibility—can be examined only by way of comparison to his other reports.

**B.     The legal authority cited by Relator fails to support their requested remedy.**

3.3     First, Relator cites to the trial court's severance of the extra-contractual claims as the basis for arguing their retained expert's reports are not relevant. The trial court was perfectly aware of its ruling to sever those other claims, when it ordered the reports produced in the first place and upheld its ruling when Relator appealed that order. It is well-settled that the trial court has broad discretion to define the scope of discovery.[7] That discretion includes the right to limit discovery depending on the needs of the case.[8] Implicitly, through its order to produce the reports, and then denying Relator's appeal of that order, the trial court found these reports relevant to whether the insurance contract was breached. The trial court's

---

[6] Weiss v. Mechanical Associated Servs., 989 S.W.2d 120, 124-25 (Tex. App.—San Antonio 1999).
[7] See In re Alford Chevrolet-Geo, 997 S.W.2d 173 (Tex. 1999).
[8] Texas Rule of Civil Procedure 192.4(b), Limitations on the Scope of Discovery.

consideration and re-consideration of this issue, with full knowledge of the pleadings and evidence presented, should not be over-turned now.[9]

3.4     Relator cites to Nat'l Lloyds Ins. Co., 2014 WL 5785871, and In re GMAC Direct Ins. Co., 2010 WL 5550672. Neither is authoritative in any respect.

3.5     Relator acknowledges that the remedy, mandamus, is extraordinary. Relator acknowledges that this extraordinary remedy is "appropriate only when a trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy." Relator acknowledges it is their burden to prove this monumental standard. The scope of discovery in regard to testifying expert witnesses, necessarily includes "any bias of the witness."[10] No doubt Relator's retained expert's testimony of the sheer number of consultations, and the estimate of the times his opinion managed to fall in favor of Relator, is some evidence of bias. The extent to which the facts and science have been disregarded, so as to create an opinion that falls in favor of Relator, can only be proven through the reports. The trial court thought so. That information is relevant to the credibility of his opinion in this action, entirely dispositive to Relator's breach of contract. Unreasonably restricting access to information through discovery, is an abuse of discretion.[11] Rule 192 allows discovery "relevant to the subject matter," which is to be liberally

---

[9] Relator's petition. Appendix, Tab F, p. 47. The court acknowledges, after severing the extra-contractual claims, that "engineering reports" could be relevant and are "fair game."

[10] Texas Rule of Civil Procedure 192.3(e)(5), Testifying and consulting experts.

[11] Texas Rule of Civil Procedure 192, Permissible Discovery: Forms & Scope; Work Product; Protective Orders; Definitions, Comment 7.

construed for the fullest knowledge of facts *and issues* prior to trial.[12] The bottom line--Relator has not shown evidence to warrant the extraordinary remedy they now want.

Wherefore, premises considered, Relator's petition for mandamus must be denied.

Respectfully submitted,

**THE RENSIMER LAW FIRM, P.L.L.C.**

James E. Rensimer
Texas Bar No. 24027772
9525 Katy Freeway, Suite 220
Houston, Texas 77024
JR@RensimerLaw.com
713-750-9299 p
877-455-1544 f
**ATTORNEY FOR REAL PARTIES IN INTEREST**
**JOHN AMPONSAH AND MELANIE**
**AMPONSAH**

---

[12] Ford Motor Co. v. Castillo, 279 S.W.3d 656, 664 (Tex. 2009).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on January 8, 2015.

David H. Bradley
**WALTERS BALIDO & CRAIN, LLP**
2500 Tanglewilde, Suite 250
Houston, Texas 77063
713-335-0286 f
**ATTORNEY FOR REALTOR**

The Honorable Thomas R. Culver III
**PRESIDING JUDGE OF THE 240TH JUDICIAL DISTRICT COURT OF FORT BEND COUNTY, TEXAS**
301 Jackson
Richmond, Texas 77469
**RESPONDENT**

James E. Rensimer

| | | |
|---|---|---|
| IN RE INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB, Realtor. | § § § § § § § § § § § § § § § | IN THE FIRST<br><br>COURT OF APPEALS<br><br>HOUSTON, TEXAS |

## RECORD APPENDIX IN SUPPORT OF RESPONSE TO PETITION FOR WRIT OF MANDAMUS

From Cause No. 13-DCV-203651 Pending in the 240th Judicial District Court of Fort Bend County

**THE RENSIMER LAW FIRM, P.L.L.C.**

James E. Rensimer
Texas Bar No. 24027772
9525 Katy Freeway, Suite 220
Houston, Texas 77024
JR@RensimerLaw.com
713-750-9299 p
877-455-1544 f
**ATTORNEY FOR REAL PARTIES IN INTEREST JOHN AMPONSAH AND MELANIE AMPONSAH**

| Instrument | Tab |
|---|---|
| Deposition of Derrick Hancock (June 9, 2014) | A |
| Deposition of Derrick Hancock Exhibits (1-18) | B |
| Letter from Mike Hendricks to John and Melanie Amponsah (sent September 13, 2011) | C |
| HSA Residential Report (sent July 15, 2011) | D |
| HSA Supplement Residential Report (sent September 12, 2011) | E |