ACCEPTED
01-14-00979-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/15/2015 2:27:48 PM
CHRISTOPHER PRINE
CLERK

Case Number 01-14-00979-CV

IN THE COURT OF APPEALS FOR THE

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/15/2015 2:27:48 PM
CHRISTOPHER A. PRINE
Clerk

FIRST JUDICIAL DISTRICT OF TEXAS

at Houston, Texas

_____

In re **Interinsurance Exchange of the Automobile Club**,

Relator.

_____

## RELATOR'S REPLY TO REAL PARTY IN INTEREST'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

_____

From Cause Number 13-DCV-203651 Pending in the
240th Judicial District Court of Fort Bend County

_____

**WALTERS, BALIDO & CRAIN, L.L.P.**

Gregory R. Ave
State Bar No. 01448900
greg.ave@wbclawfirm.com
David H. Bradley
State Bar Number 00783704
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas  75231
Telephone (214) 749-4805
Facsimile (214) 670-1670
bradleyedocsnotifications@wbclawfirm.com

January 15, 2015                    ATTORNEYS FOR RELATOR

TO THE HONORABLE FIRST COURT OF APPEALS:

Relator Interinsurance Exchange of the Automobile Club ("Auto Club") files its reply to the response filed by Real Parties in Interest John Amponsah and Melanie Amponsah (the "Amponsahs") to Auto Club's petition for writ of mandamus, pursuant to Texas Rule of Appellate Procedure 52.5, and would show the Court as follows:

In their response to Auto Club's mandamus petition, the Amponsahs argue the only way the trial court could properly assess whether the expert[1] applied acceptable methods and properly analyzed the cause of the foundation damage in question is by comparing his evaluation with others reports he has provided Auto Club. [Response at p. 6.] This position was explicitly rejected by the supreme court in *In re Nat'l Lloyds Ins. Co.*, No. 13-0761, 2014 WL 5785871, at *2 (Tex. Oct. 31, 2014) (orig. proceeding).

As discussed in Auto Club's petition, when faced with this exact same argument by the real party in interest in *Nat'l Lloyds*, the supreme court declared: "[W]e fail to see how National Lloyds' overpayment, underpayment, or proper payment of the claims of unrelated third parties

---

[1] The designated expert witness at issue in this matter is Auto Club's retained expert Derrick S. Hancock ("Hancock").

1

is probative of its conduct with respect to [real party in interest's] undervaluation claims at issue in this case." *Id.* Here, the Amponsahs do not and cannot demonstrate how reviewing Hancock's prior reports could in anyway shed light on whether he employed proper methods in evaluating the Amponsah's foundation damage. *See Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 215 n.2 (Tex. 2010) (outlining the factors for determining the reliability of expert testimony). Nonetheless, the Amponsahs insist they are permitted to employ this same approach expressly rejected in *Nat'l Lloyds* to contest the validity of Hancock's methods.[2] [Response at p. 7.]

In conclusory fashion, the Amponsahs also argue that it was within the trial court's discretion to order production of ***thirteen years'*** worth of Hancock's reports simply because the trial court has broad discretion to define the scope of discovery and it must have found the reports are relevant to whether Auto Club breached its contract. [Response at pp. 6-7.]

---

[2] Perhaps even more astonishing is the Amponsahs contention that the Texas Supreme Court's opinion in *Nat'l Lloyds* is not "authoritative." [Response at p. 7.] As an opinion of Texas's highest court and being directly on point with the issue before this Court, *Nat'l Lloyds* is not only "authoritative," but it *mandatory* authority. It strains one's imagination to think the Amponsahs were unaware of *Nat'l Lloyds's* controlling and authoritative position.

2

Notwithstanding the Amponsahs' suggestion to the contrary, the supreme court has repeatedly held that a trial court does not have unlimited discretion to define the scope of discovery, but must reasonably tailor discovery to "include only relevant matters." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). The Amponsahs have not and cannot offer any explanation as to how Hancock's prior reports have any bearing whatsoever on whether Auto Club improperly denied *their* claim. *See Nat'l Lloyds*, *supra*, 2014 WL 5785871, at *2. Consequently, the trial court abused its discretion by ordering production of the reports at issue.

Because the trial court abused its discretion by ordering Auto Club to produce documents that have no bearing on the sole claim at issue in this case and exceed the permissible boundaries of discovery for evidence of witness bias, Auto Club respectfully requests the Court grant its petition for writ of mandamus in all respects and order Respondent District Court Judge Thomas R. Culver, III to vacate his Order and deny Plaintiffs' motion to compel production of Derrick S. Hancock's reports for the years 2000 through 2012, and for such other and further relief to which Auto Club shows itself entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**


By:   */s/Gregory R. Ave*
       Gregory R. Ave
       State Bar No. 01448900
       greg.ave@wbclawfirm.com
       David H. Bradley
       State Bar Number 00783704
       bradleyedocsnotifications@wbclawfirm.com
       Meadow Park Tower, Suite 1500
       10440 North Central Expressway
       Dallas, Texas  75231
       Telephone (214) 749-4805
       Facsimile (214) 670-1670

**ATTORNEYS FOR RELATOR INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB**

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that this instrument complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4(i)(2)(C).

Pursuant to Texas Rule of Appellate Procedure 52.10(a), the undersigned counsel hereby certifies that he has made a diligent effort to notify all parties by expedited means of this request for temporary relief.

Exclusive of the exempt portions identified by Texas Rule of Appellate Procedure 9.4(i)(1), this reply contains <u>633</u> words, including footnotes, headings, and quotations. In providing this word-count, the undersigned is relying on the word count generated by the computer program used to prepare the reply.

This petition has been prepared in proportionally spaced type-face using Word (version 2010) computer program in Book Antiqua 14 point text and Times New Roman 12 point footnotes.

 */s/ Gregory R. Ave*
Gregory R. Ave

# CERTIFICATE OF SERVICE

On January 15, 2015, a true and correct copy of this instrument was forwarded to the following persons in the manner indicated below:

The Honorable Thomas R. Culver, III          *(Via Hand Delivery)*
Presiding Judge of the 240th Judicial District
   Court of Fort Bend County, Texas
301 Jackson
Richmond, Texas 77469

**RESPONDENT**

James E. Rensimer, Esquire          *(Via E-Serve)*
Everett Day, Esquire
9525 Katy Freeway, Suite 128
Houston, Texas 77024
JR@RensimerLaw.com

**ATTORNEY FOR REAL PARTIES IN INTEREST**
**JOHN AMPONSAH AND MELANIE AMPONSAH**

                                        */s/ Gregory R. Ave*
                                        Gregory R. Ave