

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00060-CV

**IN RE ALLSTATE INSURANCE COMPANY**

Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Irene Rios, Justice

Delivered and Filed: April 4, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The trial court signed an "Order on Plaintiff's Motion to Compel," in which the trial court overruled various objections asserted by relator, Allstate Insurance Company ("Allstate"), to discovery requests propounded by real party in interest, Brian Jones. Allstate filed a petition for writ of mandamus specifically complaining about only two of the rulings, as discussed further below.[2] Because we conclude the two rulings are overly broad, we conditionally grant the petition.

## BACKGROUND

Allstate issued an insurance policy on Jones's property in San Antonio. After his property sustained damage in an April 2016 hailstorm, Jones filed a claim with Allstate. After two

---

[1] This proceeding arises out of Cause No. 2017CV04875, styled *Brian A. Jones v. Allstate Insurance Company*, pending in the County Court at Law No. 3, Bexar County, Texas, the Honorable David J. Rodriguez presiding.

[2] Jones and respondent declined the opportunity to file a response to the petition for writ of mandamus.

inspections of the house, Allstate paid for some damage, but Allstate determined the roof sustained no covered damage and refused payment. Jones contended the roof should be replaced.

Jones later sued Allstate, alleging breach of contract and violations of the Texas Insurance Code. Jones served Allstate with requests for production and interrogatories. Allstate objected, and the trial court overruled the objections, but limited the scope of some of the requests. In this mandamus proceeding, Allstate complains about only two of these rulings. Allstate raised the same objections to both requests: the requests were irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, constituted a fishing expedition, and would cause great expense and burden. Below are the two complained-of discovery requests and the trial court's rulings:

> Request for Production 1: Produce any and all documents, relating to or arising out of any and all claims filed by your insured(s) and/or paid by you arising out of the hail storm(s) on or about April 2016, within a 5 mile radius of 103 Tabard Dr. San Antonio, Texas 78213.
>
> Trial court ruling:
> Overrules Defendant's objection(s) to Plaintiff's First Request for Production, production number 1, and compels Defendant to fully respond within 14 days.
> Limited to Zip Codes 78213, 78201 and 78230 only to investigation and photos and photos produced in native format.
>
> Interrogatory 17: Please state the address, name, and telephone number of every insured of you [sic] within a 5 mile radius of 103 Tabard Dr., San Antonio, Texas 78213 in which you paid for any damage relating to the event, resulting out of a litigation, mediation, claim, or otherwise.
>
> Trial court ruling:
> Overrules Defendant's objection(s) to Plaintiff's First Set of Interrogatories, interrogatory number 17, and compels Defendant to fully respond within 14 days.
> Limited to Zip Code 78213 and produce for in camera review.

At the hearing on his motion to compel, Jones argued the discovery he sought was probative and not a fishing expedition:

> We want to put a map. It's probative for the jury to put up a map. Here's my client's house. Allstate insured this house and this house two blocks over, a

block away, a block south, three blocks north and they paid for this roof and they paid for this roof and they paid — so we can draw a diagram for the jury to look at and say, Here's the hail storm, we have radar imaging that shows it's going over my client's house, and they have accepted liability for this roof and this roof and this roof but they skipped my client's roof.

So it is absolutely probative. It is not a fishing expedition because we have weather data, scientific data from NOAA that says the hail hit in my client's location. I just don't have one that's right at his address. And if they pay for other damages or they have accepted liability — I'm limiting it in scope because I'm saying only hail damage. I'm limiting it in scope because I'm saying only this event. And I'm limiting it in scope because I'm saying, Only where you actually paid for a claim, where you've accepted liability whether through mediation or through lawsuits, you — a jury or your claims adjuster said, Yeah, we have hail damage here.

. . .

. . . We're limited in scope to this storm, we're limited in scope as to only hail damage, we're limited in scope as to the location of plaintiff's house.

## ANALYSIS

"A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam). "In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." TEX. R. CIV. P. 192.3(a). "It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* We broadly construe the phrase "relevant to the subject matter." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009).

"However, even these liberal bounds have limits, and discovery requests must not be overbroad." *Nat'l Lloyds Ins.*, 449 S.W.3d at 488. A request "is not overbroad merely because [it] may call for some information of doubtful relevance" as long as it is "reasonably tailored to include only matters relevant to the case." *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.

1995) (orig. proceeding) (per curiam). "Significantly, whether a request for discovery is overbroad is distinct from whether it is burdensome or harassing. We have held that '[o]verbroad requests for irrelevant information are improper whether they are burdensome or not.'" *Nat'l Lloyds Ins.*, 449 S.W.3d at 488 (internal citation omitted).

In *National Lloyds*, the insured, Mary Erving, claimed that National Lloyds breached its insurance contract by underpaying her property damage claims after storms damaged her home in Cedar Hill, Texas. *Id.* at 487-88. Erving sought the production of all claim files from three individual adjusters for the preceding six years and all claim files from two adjusting firms for the past year. *Id.* at 488. "Erving . . . proposed to compare National Lloyds' evaluation of the damage to her home with National Lloyds' evaluation of the damage to other homes to support her contention that her claims were undervalued." *Id.* at 489. The trial court ordered production of the files for claims handled by the two adjusting firms who handled Erving's claims, but limited the scope of the claims to those involving properties in Cedar Hill that were damaged by the storms. *Id.* at 488.

The Texas Supreme Court granted mandamus relief, noting that it "fail[ed] to see how National Lloyds' overpayment, underpayment, or proper payment of the claims of unrelated third parties is probative of its conduct with respect to Erving's undervaluation claims at issue in this case." *Id.* at 489. The Supreme Court continued, "this is especially so given the many variables associated with a particular claim, such as when the claim was filed, the condition of the property at the time of filing (including the presence of any preexisting damage), and the type and extent of damage inflicted by the covered event." *Id.* In other words, "[s]couring claim files in hopes of finding similarly situated claimants whose claims were evaluated differently from Erving's" in order to prove that National Lloyds breached the contract by underpaying her "[was] at best an 'impermissible fishing expedition.'" *Id.* (citation omitted). Thus, the Supreme Court held that

the trial court abused its discretion in ordering the insurer "to produce evidence related to insurance claims other than the plaintiff's." *Id.* at 487.

We conclude the reasoning in *National Lloyds* applies here. In *National Lloyds*, the insured sought to compare the information sought in discovery for the purpose of finding similarly-situated parties whose claims were treated differently than her claim. Here, Jones seeks the discovery from Allstate for the same purpose. In *National Lloyds*, the relator argued the trial court did not abuse its discretion because its discovery order was narrowly tailored. At the hearing before the trial court here, Jones made a similar argument: "We're limited in scope to this storm, we're limited in scope as to only hail damage, we're limited in scope as to the location of plaintiff's house." "But such limits in and of themselves do not render the underlying information discoverable." *Id.* at 489-90. We conclude that, "[b]ecause the information [Jones] seeks is not reasonably calculated to lead to the discovery of admissible evidence, the trial court's order compelling discovery of such information is necessarily overbroad." *Id.* at 490 (citing TEX. R. CIV. P. 192.3(a)).

## CONCLUSION

For the reasons stated above, we conditionally grant Allstate's petition for writ of mandamus and order the trial court to amend, within fifteen days, its ruling in the following two decretal paragraphs of its January 19, 2018 "Order on Plaintiff's Motion to Compel":

2.
A) Overrules Defendant's objection(s) to Plaintiff's First Request for Production, production number 1, and compels Defendant to fully respond within 14 days.
Limited to Zip Codes 78213, 78201 and 78230 only to investigation and photos and photos produced in native format.

13.
A) Overrules Defendant's objection(s) to Plaintiff's First Set of Interrogatories, interrogatory number 17, and compels Defendant to fully respond within 14 days.
Limited to Zip Code 78213 and produce for in camera review.

The writ of mandamus will issue only if the trial court fails to comply within fifteen days from the date of our opinion and order.

Sandee Bryan Marion, Chief Justice