# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00477-CV

**In re Jose C. Padilla and CCJK d/b/a
Hill Country Site Supply, LLC, Appellant**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Jose C. Padilla Alvarez[1] and CCJK d/b/a Hill Country Site Supply, LLC filed a petition for writ of mandamus alleging that the district court abused its discretion by issuing a discovery order compelling relators to produce company and personal cell-phone records. We conditionally grant mandamus relief and order the trial court to vacate its order.

## Background

On August 10, 2015, Alvarez and Ortiz were involved in an auto accident. Alvarez, who was driving a truck for his employer Hill Country Site Supply, had stopped on the southbound access road of IH-37 in George West, Texas, after he had missed the right turn on to US-59. When Alvarez began backing the truck up to negotiate the exit on to US-59, he collided with Ortiz's vehicle, which was stopped immediately behind Alvarez on the access road.

---

[1] Although relators used "Jose C. Padilla" in the style of their original proceeding, we will refer to him as "Jose C. Padilla Alvarez" to maintain consistency with the parties' briefs and court documents.

Ortiz sued relators for injuries sustained in the collision, asserting causes of action for negligence, gross negligence, and negligent entrustment. Ortiz's live pleadings are specific as to the acts of negligence, gross negligence, and negligent entrustment—i.e., that Alvarez "failed to keep . . . an outlook," failed to avoid the collision, reversed too fast, reversed illegally, failed to honk, failed to brake, and drove too fast. Ortiz's pleadings do not include any allegation that the use of cell phones caused or contributed to the accident.

During the course of litigation, Ortiz served discovery requests on relators seeking, relevant here, production of relators' company and personal cell phone records covering thirty days before and thirty days after the accident. Relators objected to the requests as overly broad, unduly burdensome, and harassing, but agreed to produce telephone records for Alvarez's cell phone for one hour before and one hour after the time of the accident. Ortiz refused and filed a motion to compel, arguing that the information was relevant to establishing, in support of her gross-negligence claim, a "knowing and repeated pattern of unsafe conduct and cell phone usage on the part of both Relators" and whether Hill Country Site Supply had "changed its corporate practices in light of this incident." The district court granted Ortiz's motion, ordering relators to provide "phone records for 14 days prior to and 14 days after August 10, 2015."

**Discussion**

Relators seek mandamus relief from the district court's order, urging that the district court abused its discretion by granting discovery requests that seek information not supported by Ortiz's live pleadings, information that is not relevant, and information that violates third-party rights to privacy.

2

"A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re National Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014). "Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even though it would be inadmissible at trial, as long as the information sought is 'reasonably calculated to lead to the discovery of admissible evidence.'" *In re National Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (quoting *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003); Tex. R. Civ. P. 192.3(a)); *see also In re National Lloyds Ins. Co.*, 532 S.W.3d 794, 808 (Tex. 2017) (orig. proceeding) ("The discovery guideposts [under the rules] can be summarized as follows: [1] only relevant evidence is discoverable; [2] relevant evidence that is privileged is not discoverable; [3] relevant evidence that is not privileged is discoverable when (i) it is admissible or (ii) it is inadmissible but reasonably calculated to lead to the discovery of admissible evidence. . . ."). "The phrase 'relevant to the subject matter' is to be broadly construed," but "even these liberal bounds have limits." "Evidence is relevant if '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *In re National Lloyds Ins. Co.*, 532 S.W.3d at 808 (quoting Tex. R. Evid. 401). Thus, "[a]lthough the scope of discovery is broad, a request for information 'must show a reasonable expectation of obtaining information that will aid the dispute's resolution.'" *Id*. (quoting *In re CSX Corp.*, 124 S.W.3d at 152). Likewise, discovery requests must be "reasonably tailored to include only matters relevant to the case"—i.e., they "must not be overbroad"—and such a flaw renders requests improper independently from whether they are also burdensome or harassing. *In re National Lloyds Ins. Co.*, 449 S.W.3d at 488.

The district court's order requiring production of the driver's and the company's cell-phone records from fourteen days before and fourteen days after the date of the incident go beyond the scope of the pleadings before the district court. There is no fact of consequence in Ortiz's claims that the cell-phone information has any tendency to make a fact that is of consequence to her claims more or less probable than it would be without the evidence. *See In re National Lloyds Ins. Co.*, 532 S.W.3d at 808. Ortiz has not pleaded that cell-phone usage by Alvarez or anyone else had anything to do with the accident on August 10, 2015. Nor has she pleaded that Hill Country Site Supply engaged in conduct or had espoused some corporate policy related to cell-phone usage. As such, the order compelling production of twenty-eight days' of cell-phone records from Alvarez, Hill Country Site Supply, and others is overly broad.

Ortiz argues that the requested cell-phone information is relevant because her claims of negligence, negligent entrustment, and gross negligence broadly encompass and justify discovery of any distractions, including cell-phone usage, that might have affected Alvarez. Relatedly, Ortiz contends that the requested information is relevant to her negligence claim because it relates to whether Hill Country Site Supply failed to create and enforce a policy prohibiting the use of cell phones while operating company vehicles and whether it failed to train Alvarez and other drivers to refrain from using cell phones while operating company vehicles. Both of these assertions, which again are nowhere to be found in Ortiz's pleadings, presuppose and depend on the use of the cell-phone by Alvarez at or near the time of the incident, at best, while her discovery request seeks information well beyond that timeline and scope.

## Conclusion

We conditionally grant mandamus relief and direct the trial court to vacate its order requiring relators to produce the requested phone records. We are confident the trial court will act in accordance with this opinion. The writ will issue only if the trial court fails to do so.


_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Filed:  August 28, 2018