In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-20-00271-CV

## IN RE ROBERT B. WILCOX

**Original Proceeding
172nd District Court of Jefferson County, Texas
Trial Cause No. E-205,503**

## MEMORANDUM OPINION

In a petition for a writ of mandamus, Robert B. Wilcox asks this Court to compel the trial court to vacate orders appointing a specialist and establishing protocols for collection, preservation, and production of electronically stored information. We stayed the trial court's orders and requested a response from the real party in interest, Southeast Texas Veterinary Clinics, PLLC ("STVC"). After considering the petition, the response, the reply, the appendices submitted by the parties, and the applicable law, we conclude that the trial court clearly abused its discretion by ordering Wilcox to turn over personal electronic devices and account access in response to STVC's allegations that Wilcox failed to comply with his

1

discovery duties. We further conclude Wilcox lacks an adequate remedy by appeal for the trial court's abuse of discretion and conditionally grant mandamus relief.

According to the allegations contained in its original petition, STVC purchased Wilcox's veterinary practice in 2017. In connection with this transaction, the parties entered into an asset purchase agreement. STVC alleges that the purchase included Wilcox's goodwill, inventory, and customer and client lists, and an employment agreement that included Wilcox's agreement to work for STVC and not to compete with STVC within a 20-mile radius and not to solicit actual or prospective clients for the purposes of providing similar services and products as provided by STVC during a time frame outlined in the agreement. STVC alleged that after Wilcox's employment with STVC ended on January 1, 2020, Wilcox attempted to work with or solicit referrals from veterinary clinics located within the 20-mile radius of STVC. STVC sued Wilcox for breach of contract and fraud. STVC also sued another veterinarian, Donna Hall, and Dayton Veterinary Clinic, P.C., (collectively "Dayton") for tortious interference with STVC's restrictive covenants with Wilcox and sought money damages and injunctive relief. STVC amended its pleadings to add a defamation claim against Wilcox.

In connection with the litigation, the trial court granted STVC's motion for expedited discovery and ordered Wilcox to produce all communications in 2020 between Wilcox and any veterinary practice or clinic, and all communications in

2

2020 between Wilcox and any person or entity Wilcox knew to be a client or customer of STVC or that Wilcox knew had referred business to STVC. In the same order, the trial court ordered the other defendants to produce all communications, offers of employment, and agreements from December 21, 2017 to the present between Dayton and Wilcox, and all communications in 2020 between Dayton and a client or customer or referral-provider of STVC. The trial court also ordered all the defendants to answer interrogatories and to appear for deposition.

After depositions were obtained and Wilcox had responded to the written discovery requests, counsel for STVC notified Wilcox's attorney that text messages existed between Wilcox and Hall that had not been produced by Wilcox but were produced by Hall. In his deposition, Wilcox testified that he had provided his attorney with all the e-mails and text messages that he had in his possession. Wilcox claimed he did not delete any e-mails or text messages that might be responsive to STVC's document requests, but he stated his phone sometimes does "funny things." Wilcox answered an interrogatory about what he did to look for messages as follows:

> I searched my phone, email, computer, and any physical files where I might find documents related to my employment, the sale of the assets of Wilcox Veterinary Clinic, or anything relevant to this lawsuit. I used multiple different search terms, such as "sale," "Wilcox Veterinary Clinic," "Hanson," "employment," "purchase," "inventory," and "contract," among other similar things.

And in his deposition, he stated he had looked at his e-mails and messages on his phone and home computer and produced items responsive to the written requests to

3

his attorney. Wilcox indicated that rather than conducting keyword searches he looked at the e-mails on his personal e-mail account. STVC then requested production of documents in native format, including, "All documents and communications identified or reviewed by you in response to any interrogatory or request for admission that Plaintiff served on you." Wilcox responded, "None."

STVC moved to compel documents and disclosures from Wilcox on the ground that he provided incomplete responses. STVC also moved to overrule assertions of attorney-client and work product privilege by Wilcox's attorney-daughter, Kacie Wilcox Barbay. STVC claimed Barbay provided business advice but not legal advice to Wilcox. Wilcox submitted text messages *in camera*. The trial court ordered production of the text messages.

The trial court also held a temporary injunction hearing on April 17, 2020. A transcript of the hearing is part of the mandamus record. At the hearing, STVC's counsel showed Wilcox the text messages that co-defendant Hall had produced in discovery, which appeared to be between Wilcox and Hall. The following exchange occurred during the hearing about the e-mails produced by Hall.

> Q. You have not produced your text messages of communications between you and Dr. Hall; is that right?
> A. (Indiscernible)
>  [Reporter requests clarification.]
> A. I produced all the text messages I had.
> Q. [] So, have you deleted the text messages between yourself and Dr. Hall?

4

A. I haven't personally done it, but I don't know what my -- my phone does funny things.

Q. Did you search for text message communications between yourself and Dr. Hall?

A. When I was asked for them, I searched and sent all I had.

Q. Okay. Have you had a chance to review or generally review Plaintiff's Exhibit 4?

A. Generally, yes, ma'am.

Q. Do you have any reason to dispute that this is an accurate account of text messages between you and Dr. Hall?

A. Yes.

Q. You do dispute that this is an accurate depiction?

A. Oh, I think they are accurate.

On July 29, 2020, the trial court denied STVC's motion to overrule Wilcox's assertion of attorney client privilege. Wilcox submitted a privilege log.

On August 17, 2020, STVC moved to compel production of Wilcox's electronically stored information ("ESI"). STVC alleged that Wilcox conducted inadequate searches for responsive documents or withheld responsive documents without providing a log or otherwise indicating he had withheld documents. STVC complained that in discovery Hall produced text messages between Hall and Wilcox that Wilcox failed to produce. STVC also alleged that search terms provided by Wilcox "fail to touch on all the issues in this case."

On September 3, 2020, the trial court granted STVC's motion to compel production of ESI, appointed an e-discovery specialist to search Wilcox's ESI using search terms filed under seal, and the court also instructed the specialist to determine and report whether any files have been modified, deleted, moved, or otherwise

5

altered. Wilcox asked the trial court to reconsider its ruling. On November 16, 2020, the trial court signed an amended order. The trial court revised the search terms of Wilcox's ESI and revised the procedures for collecting and producing documents but retained the previous order's findings that Wilcox had defaulted in his discovery obligations, that there are no less intrusive ways to obtain the requested documents, and that the named specialist is qualified.

In his petition for a writ of mandamus, Wilcox argues the trial court clearly abused its discretion by ordering him to turn over his and his wife's personal electronic devices and account access in response to mere skepticism or bare allegations that he had failed to comply with discovery duties.

Mandamus will issue to correct a discovery order if there is a clear abuse of discretion and there is no adequate remedy at law. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). A trial court abuses its discretion when its ruling is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). "A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding).

When considering whether to compel the production of electronic data, the trial court must balance: (1) the likely benefit of the requested discovery; (2) the

needs of the case; (3) the amount in controversy; (4) the parties' resources; (5) the importance of the issues at stake in the litigation; (6) the importance of the proposed discovery in resolving the litigation; and (7) any other articulable factor bearing on proportionality. *In re State Farm Lloyds*, 520 S.W.3d 595, 607-12 (Tex. 2017) (orig. proceeding). "[A]ll discovery is subject to the proportionality overlay embedded in our discovery rules and inherent in the reasonableness standard to which our electronic-discovery rule is tethered." *Id.* at 599.

"Intrusive discovery measures—such as ordering direct access to an opponent's electronic storage device—require, at a minimum, that the benefits of the discovery measure outweigh the burden imposed upon the discovered party." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). "As a threshold to granting access to electronic devices, 'the requesting party must show that the responding party has somehow defaulted in its obligation to search its records and produce the requested data.'" *In re Shipman*, 540 S.W.3d 562, 567 (Tex. 2018) (orig. proceeding) (quoting *Weekley Homes*, 295 S.W.3d at 317). *In re Shipman* dealt with an alleged lack of technical capability of a producing party in a discovery dispute pertaining to electronically stored information, and the Supreme Court concluded that ordering intrusive discovery measures requires a greater showing than mere skepticism or bare allegations of default in a party's discovery duties. *Shipman*, 540 S.W.3d at 567-68. There must be proportionality between the

devices and media covered by the order and the documents sought by the requesting party. *Id.* at 570 (citing *In re State Farm Lloyds*, 520 S.W.3d at 607 (requiring a trial court to assess "whether any enhanced burden or expense associated with a requested form is justified when weighed against the proportional needs of the case[]" and establishing seven factors to be considered)). "To the extent possible, courts should be mindful of protecting sensitive information and should choose the least intrusive means of retrieval." *Weekley Homes*, 295 S.W.3d at 316.

Here, the trial court appointed an e-discovery specialist and ordered Wilcox to surrender electronic devices and account information in response to STVC's complaint that Wilcox had failed to produce emails between Wilcox and Hall in response to requests for that information. Wilcox stated that he produced what he had. Although Hall produced more of their communications than Wilcox produced, the record does not establish that at the time he responded to the discovery requests Wilcox had the same documents that Hall possessed.

STVC argues the trial court's discovery order is justified under the standard established by *Weekley Homes* because STVC demonstrated that Wilcox's production has been inadequate, in that he failed to produce e-mails he acknowledged that he had, and he failed to produce electronic data specifically requested by STVC. STVC contends it sufficiently showed that a search of Wilcox's electronic devices will likely recover responsive materials because Wilcox admitted

8

he was deficient in keyboard skills and he could not recall precisely what search terms he had used. *See id.* at 322. As the Supreme Court explained in *Shipman*, however, a party's failure to produce merely provides the threshold for compelling production of electronic storage devices. *See* 540 S.W.3d at 567. The discovery ordered in this case lacks the proportionality and the restraint required by *Shipman*. The trial court established some protocols for a third-party to search Wilcox's ESI, but in this business dispute, the trial court has ordered Wilcox to turn over his electronic devices and home computer, as well as his personal account and storage information to a third-party, and to allow intrusive discovery of personal electronic devices that contain vast amounts of information totally unrelated to any legitimate inquiry when it could have simply required Wilcox to run specific searches and produce responsive data narrowly tailored to the parties' dispute. STVC has obtained the communications between Wilcox and Hall. Additionally, Wilcox has testified about and provided information to STVC about communication he had with other veterinarians relating to Wilcox leaving STVC and his possible availability to perform surgery at other clinics.

"Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery." *Weekley Homes*, 295 S.W.3d at 322. The orders appointing a specialist and compelling discovery in this case exceed the permissible scope of discovery. We lift our order granting temporary relief and

9

conditionally grant mandamus relief. We are confident the trial court will vacate the orders. The writ of mandamus shall issue only in the event the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on December 18, 2020
Opinion Delivered March 18, 2021

Before Golemon, C.J., Horton and Johnson, JJ.