**Motion to Dismiss Granted and Memorandum Opinion filed April 27, 2023.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-23-00190-CV

**CAROLYN  R.  DAWSON, Appellant**

**V.**

**KEVIN J. PAKENHAM, Appellee**

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-DCV-279119**

### MEMORANDUM OPINION

In the underlying proceeding, the trial court granted a protective order pursuant to Texas Rule of Civil Procedure 192.6. *See* Tex. R. Civ. P. 192.6 ("A person from whom discovery is sought . . . may move within the time permitted for response to the discovery request for an order protecting that person from the discovery sought."). Appellant filed a motion to dissolve the protective order, asserting that she properly requested from Appellee the discovery at issue.

On March 16, 2023, the trial court signed an order denying Appellant's motion to dissolve the protective order. Appellant filed a notice of interlocutory appeal asserting her intent to challenge the trial court's March 16, 2023 order.

Appellee filed a motion to dismiss and asserted that this Court lacks jurisdiction over Appellant's interlocutory appeal. Appellant filed a response to Appellee's motion.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

Here, the trial court's March 16, 2023 order is not a final judgment — it is an order denying Appellant's request to dissolve a protective order limiting discovery she sought from Appellee. Discovery orders are interlocutory in nature and therefore are not appealable until after a final judgment is entered. *See, e.g.*, *Shanks v. Wair*, No. 02-20-00138-CV, 2020 WL 5415225, at *1 (Tex. App.—Fort Worth Sept. 10, 2020, no pet.). (mem. op.) (per curiam) (dismissing for lack of jurisdiction an interlocutory appeal from an order granting a protective order with respect to certain discovery requests); *Chehab v. Mac Haik Chevrolet, Ltd.*, No. 14-16-01009-CV, 2017 WL 422145, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, no pet.) (mem. op.) (per curiam) ("The denial of a party's motion to compel discovery is an interlocutory order not subject to appeal."); *see also In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam) (discovery order is reviewable for abuse of discretion for which mandamus is the appropriate remedy).

In her response to Appellee's motion to dismiss, Appellant did not cite any statute that would permit her to appeal the trial court's order denying her request to dissolve the protective order. Nor has this court found any such authority permitting an interlocutory appeal under these circumstances. Appellant's response fails to demonstrate that this court has jurisdiction over the appeal.

We grant Appellee's motion to dismiss and order the appeal dismissed.


PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.