

# NUMBER 13-24-00268-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JASON L. VALLEJO

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Chief Justice Contreras[1]**

Relator Jason L. Vallejo filed a petition for writ of mandamus asserting that the trial court abused its discretion by compelling him to produce "substantive" spousal communications which had not been requested, by compelling him to execute an authorization, and by denying his motion to compel the production of an investigative

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

report regarding the vehicular accident underlying this case. We deny relief.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022) (orig. proceeding) (per curiam) (quoting *In re Nat'l Lloyds Ins.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam)). Similarly, mandamus may be appropriate to remedy an order which erroneously denies discovery that "goes 'to the very heart' of a party's case and prevents it from 'developing essential elements' of its claim or defense." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 256 (Tex. 2021) (orig. proceeding) (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding)); *see Walker*, 827 S.W.2d at 843–44.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Advanced Pumping, LLC; Advanced Pumping Concepts, LLC; Brundage-Bone Concrete Pumping, Inc; and Capital Pumping, LP; the reply filed by relator, and the applicable law, is of the opinion that relator has not met his burden to

2

obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10 ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
16th day of July, 2024.