

# NUMBER 13-24-00636-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KEY ALLEGRO CANAL & PROPERTY OWNERS ASSOCIATION F/K/A KEY ALLEGRO CANAL OWNERS ASSOCIATION

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Peña
Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relator Key Allegro Canal & Property Owners Association f/k/a Key Allegro Canal Owners Association (Key Allegro) asserts that the trial court abused its discretion by ordering Myatt Hancock (1) to be deposed both individually and as a corporate representative; and (2) to provide testimony as a corporate

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

representative on topics that do not comply with Texas Rule of Civil Procedure 199.2(b)(1). *See* TEX. R. CIV. P. 199.2(b)(1).

Mandamus is intended for use in circumstances "involving manifest and urgent necessity." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). In this regard, "[a] discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022) (orig. proceeding) (per curiam) (quoting *In re Nat'l Lloyds Ins.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam)).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, relator's reply, and the applicable law, is of the opinion that relator has not met its burden to obtain mandamus relief. *See Elec. Reliability Council of Tex., Inc.*, 619 S.W.3d at 641. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10 ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
6th day of February, 2025.

2