In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00446-CV**
_____

**IN RE TEXAS WINDSTORM INSURANCE ASSOCIATION**

**Original Proceeding**
**136th District Court of Jefferson County, Texas**
**Trial Cause No. D-201,392**

**MEMORANDUM OPINION**

In this mandamus proceeding, the Texas Windstorm Insurance Association ("TWIA") asks this Court to compel the trial court to vacate its Order of November 2, 2018, wherein the trial court denied TWIA's motion for protection and compelled the deposition of a corporate representative of TWIA to testify about matters TWIA argues are unrelated to the limited issues that by statute may be litigated in a suit by an insured against TWIA.

The underlying lawsuit relates to a property damage claim filed by the real party in interest, Dolores Gonzalez, against TWIA. Gonzalez alleged in her pleadings that her property was damaged by Hurricane Harvey and she sought coverage for her damages under her TWIA insurance policy. According to Gonzalez, initially TWIA denied the claim for alleged wind and hail damage filed by Gonzalez. Gonzalez contends that after Gonzalez sued TWIA and demanded an appraisal, TWIA issued a revised claim-disposition letter that accepted coverage for interior damage caused by wind-driven rain but continued to deny coverage for all exterior and roof damage. After filing the underlying suit, Gonzalez deposed the claims adjuster, Michael Espinoza, and obtained an order compelling TWIA to produce a corporate representative to address the following topics:

> 1. The purpose, intent and effect of "new disposition" letters;
>
> 2. The standard procedure for gathering information for, and then sending, notice letters (acceptance, denial, or partial acceptance);
>
> 3. The TWIA employee (or indep. Contractor) hierarchy during Hurricane Harvey and now; and,
>
> 4. The meaning of documentation sent to insureds informing them of their rights to appraisal and what will be appraised.
>
> The aforementioned topics and examination thereon will be limited, however, to this matter, as well as TWIA's general standards, policies, and procedures on instances where changes were made to an initial determination of coverage or payment of a claim. In such instances, Plaintiff may inquire into those topics set forth herein,

2

including without limitation TWIA's practices, guidelines, and policies in situations where any changes were made to an initial determination of coverage or payment of a claim.

TWIA argues the only claims that may be litigated against it are whether TWIA properly denied coverage for a particular claim and the insured's recoverable damages under the statute, which include the amount of the covered loss payable under the policy, plus interest, consequential damages, and attorneys' fees. *See* Tex. Ins. Code Ann. § 2210.576(a)-(b) (West Supp. 2018). TWIA complains the trial court ordered broad, institutional discovery from TWIA concerning its decision to accept coverage in other cases after Hurricane Harvey and TWIA's internal organization and understanding of the appraisal process. TWIA claims the ordered discovery has no relevance to any justiciable issue. According to TWIA, Espinoza explained in detail how and why the "new disposition" letter was sent to Gonzalez and any additional information about "new disposition" letters and TWIA's procedure for issuing "new disposition" letters would concern claims other than Gonzalez's. TWIA claims the employees and contractors involved in the decision to revise Gonzalez's coverage determination were discovered in Espinoza's deposition and TWIA's institutional hierarchy is irrelevant to whether the denial of coverage was proper or in determining Gonzalez's damages. TWIA argues the extra-judicial appraisal process is irrelevant to any issue before the trial court.

3

Gonzalez argues the trial court has jurisdiction over the lawsuit and discovery is proper because TWIA failed to provide a timely notification of denial of coverage. *See generally* Tex. Ins. Code Ann. §§ 2210.573, 2210.576(a), (d) (West Supp. 2018). Gonzalez claims TWIA changed its decision from a denial to an acceptance of coverage to avoid discovery. She argues discovery as to the manner and reason for TWIA's acceptance of previously denied claims is relevant to the issue of the improper denial of her claim because she suspects there are no policies and procedures for post-suit acceptance of coverage and such conduct is simply a litigation tactic. She argues her deposition topics are relevant and narrowly tailored because they relate to those claimants victimized by Hurricane Harvey.

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt.*, L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). "Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig.

proceeding). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding).

The scope of discovery is largely within the discretion of the trial court. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding). The Texas Rules of Civil Procedure provide for discovery of unprivileged matters that are relevant to the subject of the action, even though the matter would be inadmissible at trial, provided the information sought is reasonably calculated to lead to the discovery of admissible evidence. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding); *see* Tex. R. Civ. P. 192.3(a). The Texas Rules of Civil Procedure allow a discovery request that has a reasonable expectation of obtaining information that will aid in resolution of the dispute. *See In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). In this case, information about policies and procedures that applied to the initial denial of coverage and the delayed acceptance of part of Gonzalez's claim will aid in the resolution of the dispute under the parties' pleadings. The trial court did not abuse its discretion by allowing discovery to proceed notwithstanding TWIA's decision to accept coverage for part of Gonzalez's claim and the request for appraisal.

5

However, discovery requests must not be overbroad. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488. "Overbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In Re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). In *National Lloyds*, the Supreme Court held that National Lloyds' payment of claims of unrelated parties with property damaged in the same storms as the plaintiff's was not probative of the insurer's conduct with respect to the plaintiff's claim that her property had been undervalued. 449 S.W.3d at 488-89. Because that information was not reasonably calculated to lead to the discovery of admissible evidence, limits in time and location did not render the underlying information discoverable. *Id.* at 489-90; *see* Tex. R. Civ. P. 192.3(a).

This mandamus proceeding presents a similar situation. The trial court allowed discovery of letters regarding the disposition of claims and notices of appraisal rights in cases other than Gonzalez's. The trial court allowed discovery of procedures for gathering information and sending notice letters without regard to whether the procedure in question was applied in Gonzalez's case or was applicable to her but was not applied. It allowed discovery of TWIA's institutional hierarchy without limiting it to the hierarchy involved in handling Gonzalez's claim. It allowed discovery of the meaning of documentation that Gonzalez did not receive. By allowing discovery where any changes were made to an initial determination of

6

coverage or payment of a claim, the trial court allowed discovery that is not probative of TWIA's conduct with respect to Gonzalez's claim. *See National Lloyds*, 449 S.W.3d at 489.

We conclude that the trial court abused its discretion by failing to limit discovery to relevant evidence and ordering discovery that was beyond that discoverable under the Texas Rule of Civil Procedure. We lift our stay order of December 6, 2018, and conditionally grant the writ of mandamus. We are confident that the trial court will promptly vacate its order of November 2, 2018, which required TWIA to produce a corporate representative for deposition, and the writ will issue only if the trial court fails to do so.

PETITION CONDITIONALLY GRANTED.

PER CURIAM


Submitted on December 18, 2018
Opinion Delivered March 28, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.