# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00604-CV

---

**In re Randall Crowder**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Randall Crowder seeks mandamus relief from the trial court's Amended Order on Defendant Crowder's Continued Contempt.  We deny in part and grant in part the petition for writ of mandamus.

## BACKGROUND

This petition arises from a discovery dispute that began pretrial and extends into the postjudgment discovery period in a case whose judgment is on appeal in this Court. *See Crowder v. Sanger*, No. D-1-GN-16-005403 (200th Dist. Ct. Travis County, Tex. March 25, 2021) (appellate cause No. 03-21-00291-CV (Tex. App.—Austin)).  The discovery dispute arose years into the lawsuit.  The real party in interest Philip Sanger, M.D; TEXO Fund I GP, LLC; and TEXO Ventures I, LP (Sanger) sought to compel Crowder to respond to discovery requests, and the district court on August 28, 2020, ordered Crowder to "completely respond" to

requests for production and interrogatories specified in Sanger's motion. Sanger thereafter moved for contempt for Crowder's failure to comply with the court's order.

In its February 2, 2021 order (February Order), the trial court specified items Crowder had not produced and held Crowder in contempt of the August 28 order. The trial court expressly found that Crowder's explanations for not producing some documents were not credible and that he "knowingly and intentionally violated the trial court's written order compelling full compliance with very clear discovery requests specified by Plaintiffs." The trial court ordered Crowder to completely respond to specified discovery requests and produce all responsive documents no later than ten business days after the signing of that order at peril of a fine of $500 per day for noncompliance, continuing until he purged himself of contempt by producing the discovery required. The trial court also struck Crowder's defenses.

The trial court held a bench trial on February 8-9, 2021. The court held a hearing on a motion for continued contempt on March 12, 2021, and the parties participated in a conference on March 17, 2021, during which Crowder produced more documents and information.

On March 25, 2021, the trial court signed its judgment and a separate Order on Defendant Crowder's Continued Contempt (March Order). The court found that Crowder had acknowledged at the March 12, 2021 hearing that he had not produced all items at issue in the February Order. The trial court ordered Crowder to pay a fine of $12,000 for his violations of the contempt order from February 16, 2021, through March 12, 2021. The trial court also ordered Crowder to provide Sanger a privilege log. Though the order was signed on March 25, 2021, it required payment of the fines and provision of the privilege log by March 19, 2021. The trial court also reiterated the language of the February Order by ordering

that Crowder would accrue fines of $500 per day until he purged himself of contempt by producing all the discovery required.

Sanger filed and supplemented a motion in April 2021 (collectively, April Motion) to amend the March Order to correct the retroactive payment-due date and to include Crowder's continued postjudgment contempt. The trial court held a hearing on June 11, 2021. Crowder filed his notice of appeal on June 24, 2021.

By letter dated October 14, 2021, Crowder requested a ruling on the April Motion that was the subject of the June hearing.[1] The trial court requested an update from Sanger regarding Crowder's discovery compliance after the June hearing and whether Sanger still believed a ruling on those issues would be fruitful. Sanger told the court via email on October 19, 2021, that Crowder remained in contempt and had not produced a privilege log. Sanger also requested updated fines and a forensic examination of Crowder's devices to look for documents Crowder claimed did not exist.[2] Crowder responded that he had fully complied with the discovery requests, that he did not need to provide a privilege log because he was not withholding any documents based on privilege, and that no justification existed for appointment of a forensic examiner of his devices.

---

[1] On October 14, 2021, Crowder moved to abate his appeal in this Court so that the trial court could rule on the April Motion and set his total contempt fine. This Court granted the motion and abated the appeal. *Crowder v. Sanger*, No. 03-21-00291-CV (Tex. App.—Austin Oct. 22, 2021, abatement). After the trial court ruled, the appeal was reinstated.

[2] This is the first request for a forensic examination focused on Crowder's devices in this record. In his December 2020 motion for contempt, Sanger alluded to a 2017 forensic examination of TEXO entities' devices to which Crowder had access.

The trial court signed its Amended Order on Defendant Crowder's Continued Contempt on November 19, 2021 (November Order). It found that Crowder had not fully complied with the discovery requests and ordered as follows:

(1)     Crowder must pay $12,000 fine for violation of the February Order for the period of February 16, 2021 through March 12, 2021 (a reiteration of its March 25 order);

(2)     Crowder must pay a $56,000 fine for his violations of the February Order for the period of March 12, 2021 through July 1, 2021 (the trial court abated the $500 per day fine effective July 1, 2021);

(3)     Crowder must provide a privilege log for any responsive documents withheld on the basis of privilege; and

(4)     Crowder must provide access to all electronic storage devices and data storage locations he had used since January 1, 2018, to a forensic auditor to locate all responsive documents he was ordered to provide in the February Order. The auditor would use a forensic protocol agreed to by the parties or ordered by the Court, which would include locating all responsive documents that Crowder was ordered to produce in the February Order.

Crowder filed this mandamus petition seeking relief from the November Order. This Court suspended enforcement of the November Order pending consideration of this petition.

## APPLICABLE LAW

Mandamus will issue to correct an abuse of discretion when an adequate remedy by appeal does not exist. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). A trial court abuses its discretion when its ruling is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). The reviewing court may not reverse the trial court for an abuse of discretion because it disagrees with the trial court's decision so long as that decision is within the trial court's discretionary authority. *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex.

4

1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). "A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Nat'l Lloyds Ins.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding).

At the trial court, the party seeking to show that another party possessed and failed to produce discovery bears the burden of proving the non-movant's possession and non-production of discovery. *Global Servs., Inc. v. Bianchi*, 901 S.W.2d 934, 937-38 (Tex. 1995). A constructive contemnor—one whose contempt occurs outside the presence of the court—is always entitled to notice and a hearing in order to defend or explain the charges. *In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011).

On mandamus, the relator bears the burden of demonstrating entitlement to mandamus relief. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *see Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Athans*, 458 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). This burden includes providing this court with a record sufficient to make that showing. *Walker*, 827 S.W.2d at 837; *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *see also* Tex. R. App. P. 52.7(a)(1). Appellate courts cannot address disputed fact-findings in an original mandamus proceeding unless the trial court's factual determinations were arbitrary and unreasonable. *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding); *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding).

**DISCUSSION**

Crowder requests that this Court issue a writ of mandamus because the trial court abused its discretion when finding him in continued contempt. He contends that he fully responded to Sanger's requests for production, that the court found him in contempt for not producing categories of documents not identified in Sanger's predicate motion for continued contempt, and that the trial court's November Order is vague and ambiguous and does not identify what actions must be taken to purge his contempt. Further, he argues that the order that he turn over personal and business-related electronic devices for forensic examination was an abuse of discretion because Sanger and the court had no basis to speculate whether documents had been withheld, trial had ended nine months prior, and any forensic discovery would be harassing and a significant intrusion into his privacy. Crowder also contends that the trial court abused its discretion by punishing him for failing to respond to pretrial discovery long after a judgment was rendered that included an award of exemplary damages near the maximum.

## I. Crowder showed no abuse of discretion in the assessment of fines.

The trial court assessed fines at $500 per day that Crowder violated the February Order. Courts can assess fines of not more than $500 for contempt of court in order to punish contempt or coerce compliance with its orders. Tex. Gov't Code § 21.002(a), (b); s*ee Cadle Co. v. Lobingier*, 50 S.W.3d 662, 667-68 (Tex. App.—Fort Worth 2001, pet. denied). The trial court ordered Crowder to pay a fine of $12,000 for failing to produce documents between

6

February 16, 2021, and March 12, 2021, and a fine of $56,000 for failing to produce documents between March 12, 2021, and July 1, 2021.[3]

### A. Crowder showed no abuse of discretion in the fines from February 16, 2021 to March 12, 2021.

In the March Order, the trial court found that counsel for Crowder acknowledged at a March 12, 2021 hearing that Crowder had not produced all items at issue in the February Order. The trial court required Crowder to pay a fine of $12,000 for his contempt of the February Order between February 16 and March 12, 2021, and ordered it paid six days before the order was signed. In his April Motion, Sanger alleged that Crowder had not paid the fine and Sanger moved to correct the order with a new payment deadline. The trial court in its November Order finds Crowder still in contempt and reassesses the same $12,000 fine for that same February to March time period, but makes it payable after the date of the November Order.

The trial court did not abuse its discretion by holding Crowder in contempt based on the admission that Crowder did not comply with the February Order by March 12, 2021. He has not shown that the trial court abused its discretion by reiterating the $12,000 fine in the November Order. We deny the petition for writ of mandamus as to the $12,000 fine.

### B. Crowder has not produced a record showing an abuse of discretion regarding the finding of continued contempt and the award of sanctions between March 12, 2021 and July 1, 2021.

While Crowder argues that he produced all documents responsive to Sanger's requests, he has not shown that the trial court abused its discretion by finding otherwise. The arguments, descriptions of documents produced, and the trial court's orders do not demonstrate

---

[3] The fine periods both appear to include a $500 fine for contempt on March 12, 2021. Crowder does not assert being fined twice for that day as an issue in this petition.

that the trial court abused its discretion by finding Crowder had not fully complied with the February Order as of October 26, 2021. The disputed discovery requests included some that were narrowly targeted requests but others that were broad. The record does not reveal what evidence the trial court reviewed in the June 2021 hearing. Though Crowder contends that Sanger's April motion broadened the original requests, there is no showing that the trial court incorporated any broadening in its November Order holding him in continued contempt of the February Order. The trial court did not abuse its discretion by finding continued contempt because Crowder's incomplete responses had potential impact on the judgment itself even after the judgment was signed because additional documents might have prompted a modification of the judgment while the trial court retained plenary power.[4] Further, though there was no hearing after June 11, 2021, Crowder did not produce a record showing an abuse of discretion in the trial court's calculation of the award of $500 per day for noncompliance through July 1, 2021.

We find no basis in the record to conclude that the trial court abused its discretion by finding Crowder in continued contempt in the November Order. We deny the petition for writ of mandamus on this basis.

## II.  Crowder showed no abuse of discretion in the privilege-log requirement.

The November Order requires "to the extent any responsive documents have been withheld on the basis of privilege, Crowder provide a privilege log to Plaintiffs." This provision comports with Crowder's obligation under Texas Rule of Civil Procedure 193.3 to notify Sanger

---

[4] Documents and information requested concerning Crowder's income and business interests may be relevant to ongoing collection efforts. *See Ex parte Durham*, 921 S.W.2d 482, 487 (Tex. App.—Corpus Christi 1996, orig. proceeding). Crowder acknowledged at the trial court that some disputed pretrial discovery requests related to posttrial collection efforts when he objected to them as an "impermissible attempt to conduct post-judgment discovery pre-judgment."

if he is withholding any material or information on the basis of privilege. Crowder asserted in his May 13, 2021 response to the April 27 motion that "Crowder is not withholding any documents responsive to the four remaining contested categories [of requested discovery] based on any assertion of privilege." He stated in his counsel's October 26, 2021 response to the trial court that he was not withholding any documents on the basis of a privilege, and reiterates here that he is not withholding any documents on the basis of privilege.

Crowder nevertheless has not shown that the trial court acted arbitrarily or unreasonably by ordering him to comply with a requirement of the rules of civil procedure. Given Crowder's current declarations that he is not withholding documents on the basis of privilege, the plain terms of the November Order do not require Crowder to produce a privilege log. We deny the petition for writ of mandamus on this basis.

III. **The trial court abused its discretion in ordering Crowder to provide access to all business and personal electronic storage devices and data storage locations used since January 1, 2018.**

In his April Motion, Sanger asked for additional fines and "any additional relief that is just and appropriate." In her October email, Sanger's counsel requested that the trial court order a forensic examination of his devices in addition to or in lieu of the continuing fine. In his October email, Crowder's counsel argued that Sanger did not provide justification to support the request for a forensic examiner, especially in light of the posttrial access Crowder provided Sanger through a "data room." Crowder offered to participate in any additional hearing the trial court wanted. The record does not reflect that any hearing occurred. The November Order required as follows:

9

that within seven days of this Order, Crowder must provide access to all electronic storage devices (business and personal) and data storage locations (business and personal) he has used since January 1, 2018, to a forensic examiner selected by Plaintiffs. At Crowder's expense, the forensic examiner shall review the electronic storage devices and storage locations in accordance with a forensic protocol agreed to by the parties or ordered by the Court, which shall include locating all responsive documents that Crowder was ordered to produce in the February 2, 2021 Order.

The order was signed Friday, November 19, 2021, and required Crowder to provide access to the specified electronic devices on Friday, November 26, 2021, the day after the Thanksgiving holiday. Though Sanger designated a forensic examiner, there is no indication in the record that the parties agreed to or the court ordered a forensic protocol before Crowder filed this petition and this Court stayed the November Order on Wednesday, November 24, 2021.

Considering whether to order a party to provide access to its electronic data storage devices requires balancing a variety of factors. "Intrusive discovery measures—such as ordering direct access to an opponent's electronic storage device—require, at a minimum, that the benefits of the discovery measure outweigh the burden imposed upon the discovered party." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). When considering whether to compel the production of electronic data, the trial court must balance: (1) the likely benefit of the requested discovery; (2) the needs of the case; (3) the amount in controversy; (4) the parties' resources; (5) the importance of the issues at stake in the litigation; (6) the importance of the proposed discovery in resolving the litigation; and (7) any other articulable factor bearing on proportionality. *In re State Farm Lloyds*, 520 S.W.3d 595, 607-12 (Tex. 2017) (orig. proceeding). "[A]ll discovery is subject to the proportionality overlay embedded in our discovery rules and inherent in the reasonableness standard to which our electronic-discovery rule is tethered." *Id*. at 599. There must be proportionality between the

devices and media covered by the order and the documents sought by the requesting party. *In re Shipman*, 540 S.W.3d 562, 570 (Tex. 2018) (orig. proceeding) (citing *In re State Farm Lloyds*, 520 S.W.3d at 607 (requiring a trial court to assess "whether any enhanced burden or expense associated with a requested form is justified when weighed against the proportional needs of the case")). "To the extent possible, courts should be mindful of protecting sensitive information and should choose the least intrusive means of retrieval." *Weekley Homes*, 295 S.W.3d at 316.

There was no pleading or hearing addressing factors such as proportionality of the requests and the burden on Crowder to provide access to all business and personal devices and locations used in a nearly four-year period, nor was there any hearing on the protocols for the forensic examination. The trial court asked in writing whether Sanger believed a hearing would be fruitful. Sanger's counsel's email requests the forensic examination relief without addressing the balancing factors or requesting a hearing for relief he requested. Crowder's counsel offered to participate in a hearing, but the trial court did not hold one. The trial court ordered Crowder to—within seven days including Thanksgiving Day—agree with Sanger or obtain an order from the trial court on a forensic protocol and to provide access to the forensic examiner to all of his business and personal electronic storage devices and data storage locations used since January 1, 2018. Other than the deadline for production or provision of access to the devices and locations, the November Order did not provide a deadline for establishment of the forensic protocol concerning an unnamed number of devices and locations containing unknown amounts and types of data that may not be relevant to the underlying collection attempts and may be sensitive for business or personal reasons.

We acknowledge the long pendency of this case, hearings preceding the trial court's previous findings of continued contempt over the course of several months, and its

11

apparent frustration with Crowder's discovery conduct. But we conclude that the trial court abused its discretion by ordering the forensic examination of Crowder's business and personal electronic storage devices and locations based on a brief email request lacking a discussion of the factors relevant to such an intrusive procedure, without a hearing, and with only seven days including a holiday for the parties to agree to or obtain a forensic protocol and for Crowder to identify and provide access to the devices and locations. Under these circumstances, we conclude that the order compels production outside the bound of proper discovery and that mandamus is the proper remedy. *See In re Nat'l Lloyds*, 449 S.W.3d at 488; *In re Reece*, 341 S.W.3d at 365. We do not conclude that a forensic examination is impermissible, only that the trial court ordered it without sufficient notice, opportunity for hearing, and foundation to justify the scope and speed of access to devices and locations required by the court's order absent a provision requiring that a protocol for the forensic examination be in place before the deadline for providing access to the devices and locations.

## CONCLUSION

We deny the petition for writ of mandamus except as to the requirement that Crowder provide access to all of his electronic storage devices and data storage locations to a forensic examiner by a date certain without a forensic protocol being agreed upon or ordered by the trial court. The writ will issue only if the trial court does not withdraw the portion of its order concerning the forensic examination.

Before Chief Justice Byrne, Justices Kelly and Smith

Filed: May 11, 2022

12