

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-25-00344-CV

IN RE MILES BIVINS CHILDERS, RELATOR

ORIGINAL PROCEEDING

January 6, 2026

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

In this mandamus action, Relator Miles Bivins Childers requests that we instruct the trial court to vacate its order compelling production of certain financial records. We conditionally grant the petition.

### BACKGROUND

Childers was married to Sandra McWilliams Childers for more than fifty years, from May 30, 1970, until her death on April 29, 2024. Malcolm Kipling Frazer and Kathryn Danielle Frazer Farrell, Sandra Childers' children from a prior marriage, were appointed co-executors of her estate. On April 21, 2025, the co-executors issued a subpoena duces tecum to Childers seeking production of financial records, trust agreements, and other documents from the period of his fifty-plus years of marriage to their mother. Childers

objected to the production of certain records, but otherwise complied with the subpoena. In September of 2025, the co-executors filed a motion to compel, to which Childers responded. Following a hearing on the motion, the trial court overruled Childers' objections. Childers then sought mandamus relief.

## PREREQUISITES TO MANDAMUS

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). Mandamus relief is warranted only when the trial court clearly abused its discretion and there is no adequate remedy by appeal. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

A trial court abuses its discretion when its ruling is arbitrary or unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). An abuse of discretion also occurs when a trial court fails to analyze or apply the law correctly. *Id.* A discovery order that compels production well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy. *See In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (per curiam).

## ANALYSIS

Childers argues that the trial court abused its discretion by overruling his objections to Requests for Production No. 2 and No. 27 and ordering him to produce documents that

are irrelevant and unlikely to lead to the discovery of relevant evidence.  The challenged requests, and Childers' responses, are as follows:

Request for Production No. 2

In this request, the co-executors seek production of the following documents:

All documents of annual trust accounting of assets and activities by the trustee(s) of any trust held for the benefit of Miles Childers, including corpus, distributed income and undistributed income for each year during the period of the marriage.

In his response to the subpoena, Childers objected to the request as being "overly broad, ambiguous, global, and fail[ing] to conform to the scope of discovery as outlined in the Texas Rules of Civil Procedure."  He further objected that Request No. 2:

seeks the discovery of information that is not reasonably calculated to lead to the discovery of admissible evidence.  As such, this request seeks to impose a duty on Respondent outside the scope of the Texas Rules of Civil Procedure, and specifically Rule 192.3(a).  Discovery requests are to be confined to the subject matter of the lawsuit and reasonable expectations of discovering information that will aid in the resolution of the dispute.

Request for Production No. 27

In the second request at issue, the co-executors seek:

All bank statements from any checking or savings account(s) (including checks, deposits, withdrawals and interest accrued) on any accounts held in the name of Miles Childers, Miles Bivins Childers, Miles Bivins Childers Agency and/or any other bank account held for his benefit during the period of the marriage.

Childers again objected that the request was "overly broad, ambiguous, global, and fail[ing] to conform to the scope of discovery as outlined in the Texas Rules of Civil Procedure."  He further claimed that "the burden or expense of the proposed discovery

3

outweighs its likely benefit, taking into account the needs of the case, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

At the hearing on the co-executors' motion to compel, Childers further argued that any evidence related to his separate property is irrelevant and not likely to lead to the discovery of admissible evidence. Following the hearing, the trial court ordered that Childers produce the requested documents, but provided that information concerning other trust beneficiaries and entities could be redacted.

In this proceeding, Childers asserts that the trial court abused its discretion by overruling his objections. The co-executors contend that Childers waived his objections to discovery by failing "to provide timely and sufficiently specific objections." They specifically claim that Childers waived his objection that the requests at issue are "overly broad" because that objection was "asserted in a generic, boilerplate paragraph at the beginning of both Subject Requests." We disagree.[1]

Although the co-executors protest the "boilerplate" nature of Childers' objection, they do not argue that it was untimely or "obscured by numerous unfounded objections." *See* TEX. R. CIV. P. 193.2(e) ("An objection that is not made within the time required, or that is obscured by numerous unfounded objections, is waived unless the court excuses the waiver for good cause shown."). As set forth above, Childers lodged five concise

---

[1] The co-executors also assert that Childers waived his relevancy objection by failing to assert it until the hearing. Because we conclude that the trial court should have sustained Childers' objection that the requests at issue are overly broad, we need not address this argument.

4

objections to the two discovery requests at issue. We simply do not agree that the "overly broad" objection was waived by virtue of being repeated in both responses.

Having determined that the objection was not waived, we now address whether Requests No. 2 and 27 are in fact overbroad. Generally, the scope of discovery is within the trial court's discretion. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). A party is typically entitled to obtain discovery on any matter that is not privileged and is relevant to the subject matter of the pending action. *See* TEX. R. CIV. P. 192.3(a). "[F]or purposes of pre-trial discovery, evidence is relevant even if it's not admissible at trial, so long as it's 'reasonably calculated to lead to the discovery of admissible evidence.'" *In re K & L Auto Crushers*, 627 S.W.3d 239, 248 (Tex. 2021) (orig. proceeding) (quoting TEX. R. CIV. P. 192.3(a)). Even so, discovery requests must be "reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam). Moreover, "[i]t is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding) (per curiam). Requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution. TEX. R. CIV. P. 192.3(a); *see In re CSX Corp.*, 124 S.W.3d at 152.

An overbroad discovery request is one that seeks irrelevant information that is not properly tailored to the dispute at hand as to time, place, and subject matter. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). "Discovery orders requiring production from an unreasonably long period . . . are impermissibly overbroad." *In re CSX Corp.*, 124 S.W.3d at 152. The two requests for

production at issue here are limited in time to "during the period of the marriage" of Miles and Sandra Childers. Because the marriage lasted almost fifty-four years, this "limitation" nevertheless calls for the production of documents detailing more than half a century's worth of banking and trust transactions. We are not convinced that the stated objectives of the co-executors, which are to identify the property and potential claims of the estate of Sandra Childers, sufficiently demonstrate that documents dating back several decades fall within the scope of discovery under Rule 192.3.

Additionally, the subject matter of the requests for production appears to be beyond the scope of the case at hand. "[R]equests for document production may not be used simply to explore." *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam). Request No. 2 requires Childers to provide the co-executors with information about the corpus, distributed income, and undistributed income of trusts held for Childers' benefit, with no showing by the co-executors as to how that information falls within the scope of appropriate discovery. Similarly, Request No. 27 requires Childers to provide banking information for all accounts held in his name or for his benefit, again with no showing that the requested documents fall within the scope of appropriate discovery. *See In re Am. Optical*, 988 S.W.2d at 713 (discovery order requiring production of "virtually all documents regarding [company's] products for a fifty-year period," with no demonstration of connection to plaintiff, was impermissibly overbroad).

We conclude that these requests are not reasonably tailored to the co-executors' objective of identifying the property and potential claims of the estate of Sandra Childers. *See In re Ford Motor Co.*, 427 S.W.3d 396, 397 (Tex. 2014) (orig. proceeding) (per

6

curiam) (concluding that discovery request for "financial and business information for all cases" for a period "covering twelve years" was "just the type of overbroad discovery the rules are intended to prevent"); *see also Dillard*, 909 S.W.2d at 492 (order compelling production of all incident reports nationwide for five-year period was overly broad "fishing expedition"). Accordingly, we conclude that the trial court abused its discretion in overruling Childers' objections to the requests. *In re UPS Ground Freight*, 646 S.W.3d 828, 832–33 (Tex. 2022) (orig. proceeding) (per curiam) (discovery order that compels overly broad discovery is abuse of discretion). Mandamus is the proper remedy when a trial court abuses its discretion by entering a discovery order compelling production well outside the bounds of proper discovery. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488.

## CONCLUSION

We conclude that the trial court abused its discretion in ordering the production of documents requested in Requests for Production No. 2 and No. 27. We further conclude that mandamus is the appropriate remedy. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate the portion of its order overruling Childers' objections to the co-executors' Requests for Production No. 2 and No. 27. We are confident the trial court will comply, and the writ will issue only if it does not.

Judy C. Parker
Justice

7